IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19CR111 |
| v. | |
| JAL CHUAR, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on a letter received from defendant Jal Chuar ("Chuar") on September 18, 2023, requesting "Judicial Relief" (Filing No. 52). Chuar is serving a sixty-two-month sentence (Filing No. 48) at the United States Penitentiary Big Sandy ("USP Big Sandy") for marijuana trafficking and possessing a firearm in relation to that offense.

Currently scheduled for release on January 10, 2024, Chuar's letter requests the Court grant him "immediate release." While he does not indicate a specific statutory basis for his request, Chuar cites both changes in the law and penal conditions as possible grounds for his release. More specifically, Chuar is "seeking [the Court's] assistance in making new corrections or adjustments . . . stemming from the" Sixth Circuit's recent decision in *United States v. Lanier*, 2023 WL 4963190 (6th Cir. Aug. 3, 2023). According to Chuar, *Lanier* "reveals multiple errors under the scope of law" that render his sentence "unconstitutional." Chuar relatedly asserts his sentence is "excessive under the true standards of the constitution." As for the conditions at USP Big Sandy, Chuar reports that his "life may [] possibly be at risk due to the hostile environment" where "fatalities are high."

It is not entirely clear what particular type of "Judicial Relief" Chuar is seeking. On one hand, some of his letter—including his description of the dangerous, "hostile

environment" at USP Big Sandy, request for "mercy," and pursuit of "immediate release"—could indicate the type of relief Chuar seeks is a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), or "compassionate release."[1] That statute, as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018), permits the Court to modify Chuar's term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" in his sentence.

However, § 3582(c)(1)(A) does not give Chuar the ability to move independently for compassionate release until "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of" his facility. Chuar's letter gives no indication he has asked his warden or the BOP to pursue his early release. The Court, therefore, will not consider whether Chuar's circumstances warrant compassionate release until he can demonstrate he satisfied one of the statutory prerequisites to our review. *See United States v. Milton*, 11 F.4th 597, 600 (8th Cir. 2021) (concluding there was no error in the district court's determination that the court was without jurisdiction to consider a request for compassionate release in light of defendant's failure to request relief from the Bureau of Prisons). Accordingly, Chuar's request is dismissed without prejudice to allow him—if he wishes—to refile for § 3582 relief through a motion detailing his compliance with § 3582(c)(1)(A)'s requirements for judicial review.[2]

On the other hand, some elements of Chuar's letter—including his assertion that his sentence is rendered unconstitutional by recent changes of law—may be more aptly

---

[1] Motions brought under § 3582(c)(1)(A) are "commonly known as motion[s] for compassionate release." *United States v. Rodriquez-Mendez*, 65 F.4th 1000, 1001 (8th Cir. 2023).

[2] To consider any such future motion, the Court would benefit from more detail as to why Chuar's circumstances are "extraordinary and compelling" so as to warrant his urgent release just months before his scheduled release date.

2

characterized as grounds for a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Section 2255 provides a vehicle through which prisoners in federal custody may seek release on the basis that their "sentence was imposed in violation of the Constitution," 28 U.S.C. § 2255(a), so long as that violation results in a "fundamental defect [resulting] in a complete miscarriage of justice," *Gray v. United States*, 833 F.3d 919, 923 (quoting *Hill v. United States*, 368 U.S. 424, 4289 (1962)). *See also Taylor v. United States*, 229 F.2d 826, 832 (8th Cir. 1956) (stating § 2255 was designed as a "complemental remedy to habeas corpus . . . intended to meet serious judicial administrative difficulties and situations which became urgent because of the very large increase of habeas corpus proceedings"). In this vein, Chuar expresses his belief that the Sixth Circuit's decision in *Lanier* demonstrates a likelihood that his sentence is somehow unconstitutional. *See Lanier*, 2023 WL 4963190, at *6-8 (vacating the defendant's sentence where the district court "mistakenly believe[d] that the Guidelines compel[led] the imposition of a consecutive sentence" and erroneously applied the vulnerable-victim enhancement that the government had waived).

To the extent Chuar does intend to raise a § 2255 motion, and without considering the merits of any such request, the Court is concerned the motion may be untimely. As § 2255(f) details, any motion brought under the section is subject to a one-year limitation period. At present, the Court sees no indication that any date besides that on which Chuar's judgment of conviction became final is relevant in calculating the period during which Chuar may have brought a timely § 2255 motion on this basis. *See* 18 U.S.C. § 2255(f)(1); *Russo v. United States*, 902 F.3d 880, 882 (8th Cir. 2018) (describing that "[a] prisoner typically must file a motion under § 2255 within one year of the date on which the judgment of conviction becomes final" unless the other tolling grounds in § 2255(f) apply). Because well over a year has passed since Chuar's judgment became final—and because of the difficulty in bringing a § 2255 motion under these circumstances—the Court feels it is in Chuar's best interest to not have his present request construed under § 2255 but rather as a motion for compassionate release, as described above. Nonetheless, should Chuar wish to

bring his grounds for relief as a § 2255 motion, he should notify the Court as soon as possible of his intent to do so and demonstrate why his motion should be considered timely in light of the above concerns.

Based on the foregoing,

IT IS ORDERED:

1. Defendant Jal Chuar's Motion to Reduce Sentence (Filing No. 52) is dismissed without prejudice.

Dated this 21st day of September 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge